**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **HANOVER INSURANCE COMPANY,** | \* | |
| | \* | |
| **Plaintiff**, | \* | **Civil Action No: 8:06-cv-01975-AW** |
| | \* | |
| v. | \* | |
| | \* | |
| **SYSTEM "42", INC., et al.,** | \* | |
| | \* | |
| **Defendants.** | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Presently before the Court are Hanover Insurance Company's ("Plaintiff") Motion for Leave to File an Amended Complaint [18] and Motion to Compel Written Discovery Responses and For Sanctions [19]. The Court has reviewed the entire record and the Pleadings with respect to the instant motions. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, the Court hereby GRANTS Plaintiff's motions.

## STANDARD OF REVIEW

*Motion for Leave to File an Amended Complaint*

Under Rule 15(a) of the Federal Rules of Civil Procedure, once a responsive pleading has been served, "a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires." Fed. R. Civ. P. 15(a). The decision whether to grant leave to amend falls within the "sound discretion" of the trial Court. Foman v. Davis, 371 U.S. 178, 182 (1962). Moreover, the "federal rules strongly favor granting leave to amend." Medigen of Ky., Inc. v. Pub. Serv. Comm'n, 985 F.2d 164, 167-68 (4th Cir. 1993). A motion to amend the pleading under Rule 15(a) "should be denied *only when* the amendment

would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

*Motion to Compel Written Discovery Responses and For Sanctions*

Under Rule 33(b)(3) of the Federal Rules of Civil Procedure, "[t]he party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after service of the interrogatories." Fed. R. Civ. P. 33(b)(3). Additionally, a party who propounded interrogatories or a request for inspection, but did not receive answers or objections, is permitted to file a motion to compel and for sanctions. *See* Fed. R. Civ. P. 37(a)(2)(B); Local Rule 104.8; Jayne H. Lee, Inc. v. Flagstaff Indus., Inc., 38 F.R.D 651, 653 (D. Md. 1997).

**DISCUSSION**

On July 31, 2006, Plaintiff filed its initial complaint against Defendants seeking specific performance by System "42", Aniema A. Udofa, and Aniema S. Udofa (collectively "Defendants") of their obligations pursuant to the terms of the Agreement of Indemnity. On November 9, 2006, Plaintiff filed a motion to amend its Complaint to include a claim for indemnification. Plaintiff contends that the amendment is necessary for the interests of judicial economy because its indemnification claim is directly related to its original claim for specific performance. Defendants had the opportunity to file a response to Plaintiff's motion to amend until November 27, 2006. Defendants have not filed a response to the motion, and the time for Defendants to respond has expired.

Granting Plaintiff's motion for leave to amend will not prejudice Defendants. Although Plaintiff's Amended Complaint includes an additional claim, it does not significantly change the

2

substance of the case. Furthermore, the discovery deadline in this action is not until February 8, 2007, and both parties are actively involved in the litigation that is the basis of Plaintiff's indemnification claim. As such, the Court believes that any additional discovery required by the parties will be limited in scope and unlikely cause undue prejudice.

There is no indication from the record, nor have Defendants presented any evidence, that Plaintiff's motion was made in bad faith or as part of an effort to impede the course of litigation, or that the amendment would be futile. Accordingly, given the time frame of discovery and the facts and circumstances surrounding this case, this Court finds that Plaintiff's request for leave to amend its complaint is reasonable.

In a separate motion, Plaintiff seeks to compel written discovery responses from Defendants. Furthermore, Plaintiff requests sanctions for all costs, including attorney's fees, incurred in seeking to compel Defendants to comply with its discovery efforts. Plaintiff contends that an order compelling Defendants to respond to its interrogatories and request for inspection is necessary because Defendants have failed and refused to propound any responses to Plaintiff's Discovery and its attempts to schedule a discovery conference in accordance with Local Rule 104.7.[1]

Plaintiff must confer in good faith or attempt to confer in good faith with Defendants in effort to secure Defendants' discovery responses before filing a motion to compel. *See* Fed. R. Civ. P. 37(a)(1)(B). Furthermore, Plaintiff must make a sincere attempt to resolve its discovery dispute with Defendants through a discovery conference. *See* Local Rule 104.7. On October 5, 2006, when

---

[1] "Counsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them. The Court will not consider any discovery motion unless the moving party has filed a certificate reciting ... counsel's attempts to hold such a conference [was] without success... " Local Rule 104.7 (D. Md. 2004).

3

Plaintiff propounded its interrogatories and request for production of documents upon Defendants, Plaintiff advised Defendants that it viewed its discovery to the Defendants as time sensitive due to related litigation pending against Plaintiff. As Defendants' responses were due by November 7, 2006, Plaintiff sent multiple requests by facsimile, electronic mail, and first class mail, asking Defendants to immediately contact Plaintiff to schedule a discovery conference. On November 20, 2006, Plaintiff sent a final letter to Defendants, advising them to contact Plaintiff to schedule a conference, otherwise Plaintiff would promptly file a motion to compel and for sanctions. Despite Plaintiff's efforts to proceed with discovery, Defendants still refused to respond to the discovery requests.

Plaintiff has presented sufficient evidence to show that it has made good faith efforts to resolve Defendants' failure and refusal to respond to its discovery requests. Accordingly, given Plaintiff's concerted efforts to resolve the discovery issue and Defendants' failure to provide any response to Plaintiff's demands, this Court finds that Plaintiff's request to compel written discovery responses from Defendants is reasonable.

Furthermore, in granting a party's motion to compel discovery, the Court has the authority to sanction parties who fail "to serve answers or objections to interrogatories submitted under Rule 33 " or "to serve a written response to a request for inspection submitted under Rule 34." Fed. R. Civ. P. 37(a)(2); *see also* Fed. R. Civ. P. 37(a)(4). The Court can require the party whose conduct necessitated the motion to pay the movant the reasonable expenses incurred in making the motion, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(2). *See* Jayne H. Lee, Inc., 173 F. R.D. at 67 (holding in abeyance defendant's request for sanctions, allowing plaintiff, within fourteen days of the memorandum, to provide answers to interrogatories and to show cause as to why sanctions

4

should not be imposed); Hathcock v. Navistar Int'l Trans. Corp., 53 F.3d 36, 40 (4th Cir. 1995) (noting that "a party is entitled to be made aware of the drastic consequence[s] of failing to meet the court's conditions and avoid the sanction" (citing Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993))).

## CONCLUSION

For the aforementioned reasons, the Court GRANTS Plaintiff's Motion for Leave to File an Amended Complaint [18] and GRANTS Plaintiff's Motion to Compel Written Discovery Responses. The Court will DIRECT that Defendants file responses to Plaintiff's requests for discovery within ten (10) days. Meanwhile, the Court will DEFER ruling on the request for sanctions. An Order consistent with this ruling shall follow.

February 8, 2007                                         /s/
Date                                              Alexander Williams, Jr.
                                                  United States District Judge

5